| | |
|---|---|
| CHARLES LEWIS BOBO, | No. 2:19-cv-0757 MCE-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| KINGS COUNTY ASSEESORS OFFICE, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendant. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Charles Lewis Bobo, who is proceeding without counsel in this action, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) The request will be denied because the complaint, in its current form, is frivolous. Where "plaintiff's claim appears to be frivolous on the face of the complaint," the district court may "deny[] plaintiff leave to file in forma pauperis." O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Three years ago, Plaintiff filed a complaint against this Defendant in the Fresno division of the Eastern District of California, questioning "how can Kings County Assessor Office sold land with will made by Alice Bobo now deeds some one else name [sic].". See 1:16-cv-291-LJO-JLT, at ECF No. 1. There, the magistrate judge recommended dismissal without prejudice for lack of subject matter jurisdiction. See Id. at ECF No. 3. Apparently unsatisfied with this result,

---
[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Plaintiff refiled the exact same claim here in Sacramento against the same Defendant. See 2:16-cv-02340-JAM-AC. In this second action, the magistrate judge denied Plaintiff's request for IFP status because his complaint was frivolous, but granted leave to amend. (See 16cv2340, at ECF. No. 3). In this order, the magistrate judge detailed the steps Plaintiff needed to take in order to properly allege a claim, provided links to the court's website and the address of the Clerk, and described the numerous resources available to *pro se* plaintiffs. (See Id.). However, Plaintiff failed to file an amended complaint, and so the magistrate judge recommended dismissal without prejudice for failing to comply with the court's order. (See Id.). The district court adopted the F&R in full, and the Ninth Circuit ultimately dismissed Plaintiff's appeal as "so insubstantial as to not warrant further review[.]" (See 16cv2340, ECF. Nos. 5, 9).

      In the instant case, Plaintiff has now refiled the same complaint against Defendant Kings County alleging the same claims. (See ECF No. 1). This includes his allegations that the Kings County Assessor sold land pursuant to a deed under "some one else name [sic]," that the land was subject to Alice Bobo's will, and that Defendant did not have a copy of this paperwork. (See Id.). In fact, the language used in his current complaint is the *exact same* as was used in his complaint from three years ago—save for the increase in his request for damages from one-quadrillion to two-quadrillion dollars. (Compare ECF No. 1 with 16cv2340, at ECF. No. 1). Plaintiff's complaint is still frivolous, and must be dismissed. See Bobo v. Kings Cnty. Assessor Office, 2016 U.S. Dist. LEXIS 29755, *3 (E.D. Cal. Mar 7, 2016); Bobo v. Kings Cty. Assessors Office, 2016 WL 6248441, at *1 (E.D. Cal. Oct. 26, 2016) (citing O'Loughlin, 920 F.2d at 617; McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)).

      Further, the undersigned recommends this dismissal with prejudice, as Plaintiff was previously provided guidance on how to state a claim for these same allegations against this same Defendant, but Plaintiff failed to make any substantive changes. Thus, allowing for further amendment would be futile. Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 689 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904, (2008) (in determining whether a later-filed action is duplicative, this court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same"); see also

McCrea v. Adams, 2018 WL 529973, at *3 (E.D. Cal. Jan. 24, 2018) (recommending denial of amendment where the plaintiff was previously provided with the legal standards most applicable to his claims, but was unable to cure the deficiencies identified) (citing Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012)).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) be DENIED, because the complaint is frivolous;
2. The action must be DISMISSED WITH PREJUDICE for failure to cure deficiencies identified in a previous action; and
3. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations, and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions or filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: June 5, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE